IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL S. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-cv-1249-NJR-DGW |
| | ) |
| PATRICIA RENSING, MAJOR D. | ) |
| CLELAND, and MAJOR R. HAMMONDS, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants Derek Cleland and Reginald Hammonds (Doc. 27) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Plaintiff Michael S. Wilson, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit on November 10, 2015 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville") and Illinois River Correctional Center ("Illinois River"). In his complaint, Plaintiff names twenty-seven defendants and sets forth fifteen separate claims related to various incidents that

occurred at Illinois River and Pinckneyville. Following a screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on one count in this action, and several other counts that were severed into separate actions. Pursuant to the screening order, the only count pending in this action is a retaliation claim against Defendants Patricia Rensing, Major Cleland, and Major Hammonds. More specifically, Plaintiff asserts that Defendant Rensing charged him with a disciplinary infraction for unauthorized movement in retaliation for Plaintiff informing her that she had violated a prison rule. Defendant Cleland signed off on the disciplinary ticket in retaliation for Plaintiff filing a lawsuit against Pinckneyville Warden Gaetz, and Defendant Hammonds approved Plaintiff's continued confinement in segregation, again, in retaliation for Plaintiff's earlier lawsuit against Warden Gaetz.

Defendants Cleland and Hammonds filed a motion for summary judgment asserting Plaintiff failed to exhaust his administrative remedies as to the retaliation claim pending against them prior to filing this lawsuit (Doc. 27). In particular, Defendants Cleland and Hammonds argue that the only grievance related to this claim that was received by the Administrative Review Board ("ARB") is the grievance attached to Plaintiff's complaint dated December 14, 2012 (*see* Doc. 1-1, pp. 27-28) and said grievance fails to name or sufficiently describe them. The Court has reviewed this grievance and finds that Plaintiff fully exhausted his administrative remedies for this grievance in that he received a final determination on the merits from the ARB on November 20, 2013 (*See* Doc. 1-1, p. 34).

In his December 14, 2012 grievance, Plaintiff states that he broke his razor blade on November 10, 2012 and, on November 14, 2012, he was sent to get a replacement razor. When he went to get his replacement razor, Plaintiff writes that Pat Rensing issued him a disciplinary

ticket for insolence, due to Plaintiff informing her of an administrative rule. At this time, Plaintiff complains that Defendant Rensing "called over the radio for assistance" and Plaintiff was handcuffed and escorted by "TA Hicks" to segregation. Plaintiff wrote internal affairs about the incident, but had not received a response by the time he wrote his grievance. In this grievance, Plaintiff also states that his ticket was heard and he was informed by the lieutenant who heard his ticket that she would investigate it. Plaintiff ends his grievance complaining that he was "a victim of a hateful attitude or all out racism" and states that "Mrs. Pat Rensing was unprofessional and acted as if she was greater than the administrative guideline set forth to not only protect everyone's safety but us inmates' few basic rights" (*See* Doc. 1-1, pp. 27-28).

In conjunction with the filing of their motion for summary judgment, Defendants filed a Rule 56 Notice informing Plaintiff of his obligation to file a response to their motion within thirty days and advising him of the perils of failing to respond (*See* Doc. 29). Defendants' Notice also informed Plaintiff that his failure to file a timely response by the deadline (June 20, 2016) may, in the Court's discretion, be considered an admission of the merits of the motion (*Id.*). Despite receiving adequate notice, Plaintiff failed to file a response in the prescribed time period. On July 11, 2016, the Court, *sua sponte*, granted Plaintiff an extension of time to file his response, noting that Plaintiff had filed a notice of change of address on June 10, 2016 indicating he was transferred Big Muddy Correctional Center (*see* Doc. 32). Accordingly, the Court extended Plaintiff's response deadline to August 15, 2016 and advised Plaintiff that his failure to file a timely response may be considered an admission of the merits of Defendants' motion (*id.*). No response has been received as of the date of this Report and Recommendation.

## LEGAL STANDARDS

*Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.,* 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

>  other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. See *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id*. at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after

the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. § 504.810(b). The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance. *Id*. § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id*. § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. *Id*. § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the ARB. *See Id*. The ARB shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id*. § 504.850(f).

An inmate may request a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id*. § 504.840. If, after receiving a response from the CAO, an offender feels the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id*. § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v.*

*Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id*. Prisoners are required only to provide notice to "responsible persons" about the complained of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

### CONCLUSIONS OF LAW

Pursuant to Local Rule, a party's failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. SDIL-LR 7.1(c). In this case, Plaintiff has not filed a response to Defendants' motion for summary judgment. Plaintiff was properly notified of his responsibility to do so, and was given ample time and opportunity. In these circumstances, a hearing to resolve factual disputes is not necessary, as Plaintiff has not contested the issue of exhaustion. *See Pavey,* 544 F.3d 739.

Based on the evidence in the record, the Court finds that Plaintiff failed to exhaust his administrative remedies against Defendants Cleland and Hammonds prior to filing this lawsuit. While the Court acknowledges that Plaintiff properly exhausted his administrative remedies for his December 14, 2012 grievance complaining about Defendant Rensing and the issuance and subsequent discipline related to the ticket issued by this Defendant on November 14, 2012, this grievance does not name, mention, or sufficiently describe Defendants Cleland and Hammonds or the actions giving rise to Plaintiff's retaliation claim set forth against them as required by the Illinois Administrative Code. *See* ILCS § 504.810(b). Although Plaintiff mentions a "Zone Lieutenant" and another Lieutenant who heard his ticket, neither of these individuals appears to

be either Defendant Cleland or Hammonds.  Accordingly, the Court finds Plaintiff failed to sufficiently exhaust his retaliation claim against these Defendants prior to filing this lawsuit.

### RECOMMENDATIONS

For the foregoing reasons, it is hereby **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants Derek Cleland and Reginald Hammonds (Doc. 27) be **GRANTED**; that the Court **FIND** Plaintiff did not exhaust his administrative remedies as to Defendants Cleland and Hammonds prior to filing suit; that Defendants Cleland and Hammonds be **DISMISSED WITHOUT PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

If this Report and Recommendation is adopted, Plaintiff will be proceeding in this action on one count of retaliation against Defendant Patricia Rensing.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: September 20, 2016**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**