IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL S. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-CV-1249-NJR-DGW |
| ) | |
| PATRICIA RENSING, MAJOR D. ) | |
| CLELAND, and MAJOR R. HAMMONDS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 35), which recommends that this Court grant the Motion for Summary Judgment (Docs. 27 and 28) filed by Defendant Major D. Cleland ("Cleland") and Defendant Major R. Hammonds ("Hammonds"). The Report and Recommendation was entered on September 20, 2016. No objections have been filed.

Plaintiff Michael S. Wilson ("Wilson"), an inmate in the custody of the Illinois Department of Corrections, filed this case on November 10, 2015, asserting his constitutional rights were violated. Wilson originally named twenty-seven defendants and set forth fifteen separate claims related to incidents that allegedly occurred at Illinois River Correctional Center and Pinckneyville Correctional Center. After an initial screening of Wilson's Complaint, the Court allowed Wilson to proceed on one count in this action, and several other counts that were severed into separate actions. The only count pending in this action is a retaliation claim against Defendants Patricia Rensing ("Rensing"), Cleland, and Hammonds.

On May 17, 2016, Defendants Cleland and Hammonds filed a motion for summary judgment on the basis that Wilson failed to exhaust his administrative remedies before bringing suit against them (Docs. 27 and 28). Wilson did not respond to the motion summary judgment, despite being warned of the perils of failing to file a response (Doc. 29). Due to Wilson's transfer to Big Muddy Correctional Center, Magistrate Judge Wilkerson extended the response deadline, *sua sponte*, to August 15, 2016 (Wilson's original response deadline was June 20, 2016) (Doc. 32). Wilson never filed a response.

On September 20, 2016, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 35). The Report and Recommendation accurately states the nature of the evidence presented on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give "fresh consideration to those issues to which specific objections have been made." *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

Where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. 636(b), however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). While a *de novo*

review is not required here, the Court has considered the evidence and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.

The Court agrees with Magistrate Judge Wilkerson that Wilson has not exhausted his administrative remedies. Specifically, the December 14, 2012 grievance fails to name, mention, or sufficiently describe Defendants Cleland and Hammonds or the actions giving rise to Wilson's claim against them. Further, Wilson has provided no evidence to dispute the assertions set forth in Defendants' motion for summary judgment, despite being given ample time and opportunity to do so and despite being warned on two occasions that his failure to file a response to the motion for summary judgment may be considered an admission of the merits (*See* Docs. 29 and 32). Because it is apparent to the Court that Wilson did not fully exhaust his administrative remedies as to Defendants Cleland and Hammonds prior to filing suit, his claims against these Defendants must be dismissed.

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 35) and **GRANTS** the Motion for Summary Judgment (Doc. 27) filed by Defendant Cleland and Defendant Hammonds. Defendants Cleland and Hammonds are **DISMISSED without prejudice**. The only claim that remains in this action is Wilson's retaliation claim against Defendant Rensing.

**IT IS SO ORDERED.**

DATED:   October 24, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**